

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 10, 1949

Hon. Wm. L. Taylor
Prosecuting Attorney
Harrison County
Marshall, Texas

Opinion No. V-898

Re: May Harrison County
School Board of Trus-
tees consolidate "dor-
mant" school districts
pursuant to Article
VIII, S.B. 116, 51st
Legislature, with Mar-
shall I.S.D., a city
centrolled school
district, and relat-
ed questions.

Dear Sir:

We refer to your recent inquiry which reads, in substance, as follows:

> The County School Board of Harri-
> son County acting under Article VIII, S.
> B. 116, 51st Legislature, has consolidat-
> ed three dormant school districts with
> the Marshall Independent School District.
> Marshall Independent School District is
> located within the City of Marshall, and
> the city has assumed control thereof.
>
> Question 1. Has the County School
> Board authority under Article VIII of S.
> B. 116 to consolidate "dormant" school
> districts with an adjoining city control-
> led, municipal school district?
>
> If the answer to Question 1 is in
> the negative, then could the city by or-
> dinance, that is, acting under the provi-
> sions of Article 2803, V.C.S., extend its
> corporation lines for school purposes on-
> ly, to take in adjoining dormant school
> districts, or do the provisions of Sec-
> tion 186 of the Charter of the City of
> Marshall granted in S.B. No. 105, Chapter
> 6 of 31st Legislature, R.S. 1909, at page
> 78, preclude such action?

You have advised in your submitted brief that the City of Marshall in its Charter granted by special law, has been constituted and remains now an independent school district under the management and control of a school board appointed by the City Commission. Section 183, Senate Bill No. 105, Chapter 6 of the 31st Legislature, R.S., Special Laws, 1909. Thus, the Marshall Independent School District is a municipal school district created by special law under authority of Section 10 of Article XI and Section 3, Article VII, Constitution of Texas, prior to amendment thereof in 1926. We assume for purposes of this opinion that the school district has not been divorced from city control.

Article 2768, Vernon's Civil Statutes, provides, in part, that:

"Any city . . . in this State may acquire the exclusive control of the public free school within its limits. Any city . . . which has heretofore, under the Act of March 15, 1875, or any subsequent law, assumed control of the public free schools within its limits, and has continued to exercise the same until the present time, . . . may have exclusive control of the public free schools within its limits." (Emphasis added)

Articles 2769, 2770, 2771, 2772, 2798, 2799, 2800, 2801 and 2802, Vernon's Civil Statutes, constitute the other general laws applicable to cities in this State which have or may assume exclusive control and management of public free schools within their corporate limits, and also determine that such exclusive control and management shall be in a board of trustees. These statutes illustrate the practice and policy of the Legislature for more than forty years of dealing specifically with municipal or city controlled school districts only by general legislation. During the same period of time the Legislature has by other general legislation dealt with school districts which are not municipally controlled. Thus, the Legislature has in the past recognized for legislative purposes two classifications of school districts, viz., (1) municipal or city controlled school districts, and (2) school districts which are not city controlled.

In addition to the above statutes, Articles

2803 and 2804, Vernon's Civil Statutes, relate specifically to the <u>boundaries</u> of city controlled school districts.  They provide as follows:

> Art. 2803.  "Any city or town that
> has taken charge of the public free schools
> within its limits, or that shall hereafter
> take charge of the same, may, by ordinance,
> extend its corporation lines for school pur-
> poses only, on a petition signed by a major-
> ity of the resident qualified voters of the
> territory, which is to be taken into said
> city or town for school purposes only, and
> recommended by a majority vote of the trus-
> tees of the public free schools of said city
> or town; provided, that the proposed change
> shall not deprive the scholastic children
> of the remaining part of the common school
> district or districts which may be affect-
> ed by the proposed change, of the opportun-
> ity of attendance upon school.  The added
> territory shall bear its pro rata part ac-
> cording to taxable values of any school debt
> or debts that may be owed or contracted by
> said city or town to which it shall have
> been added, and shall not bear any part of
> any other debt that may be owed or contract-
> ed by such town or city.  The property of
> the added territory shall bear its pro rata
> part of all school taxes, but of no other
> taxes.  The added territory shall not af-
> fect the city's debts or business relations
> in any manner whatever, except for school
> purposes as provided above.  The officers
> whose duty it is to assess and collect
> school taxes within the city limits shall
> also assess and collect school taxes with-
> in the territory added for school purposes
> as herein provided."

> Art. 2804.  "Whenever the limits of
> any incorporated city or town constituting
> an independent school district are so ex-
> tended or enlarged as to embrace the whole
> or any part of any independent or common
> school district adjacent to such incorpora-
> ted city or town, that portion of such ad-
> jacent district so embraced within the cor-
> porate limits of such incorporated city or

town shall thereafter become a part of the independent school district constituted by such incorporated city or town.

"If within the portion of such district so embraced there should be situated any real property belonging to such district, such city or town may acquire the same upon such terms as may be mutually agreed upon between the governing body of such city or town and the authorities of such district.

"This article shall not apply where it shall be determined at an election held within such city or town by majority vote of those voting thereon that the territory or any portion thereof to be so embraced shall not thereby become a part of the independent school district constituted by such city or town, but shall be taken into the city limits for municipal purposes only, and shall remain for school purposes a portion of the adjacent independent or common school district as though said city limits had not been extended."

In view of the long standing legislative policy with respect to city controlled school districts, the question immediately arises as to whether Article VIII of Senate Bill 116, Acts 51st Legislature, R.S., 1949, may properly be construed to authorize a county school board to consolidate a "dormant" district with an adjoining municipal school district.  Article VIII does not specifically refer to school districts over which cities have assumed exclusive control, and in this respect it differs from the pattern established by existing general legislation of referring specifically to municipal school districts when such districts are to be made subject to a particular Act.

In connection with the above, the holding in City of Beaumont Independent School District v. Broadus, 182 S.W.2d 406, (Tex. Civ. App. 1944, error ref.) is especially applicable.  In 1929, the Legislature enacted Articles 2742e and 2742f, authorizing county school boards to detach area from school districts and attach such area to an adjoining district in the manner therein set out.  Subsequently a controversy arose between

the City of Beaumont Independent School District, a municipal district, on the one hand, and the French Independent School District on the other, as to whether certain territory which had been annexed by ordinance to the City of Beaumont thereby became a part of the City of Beaumont Independent School District and detached from the French Independent School District.  It was contended that Articles 2742e and 2742f repealed Article 2804, and since the City of Beaumont Independent School District had not followed the procedure of the two articles the newly extended area of the City of Beaumont was not a part of the municipal school district.  On the other hand, the City of Beaumont Independent School District contended that the extension of the City limits by municipal ordinance automatically brought the new territory into the municipal school district by virtue of the provisions of Article 2804.  On the basis of the legislative history of laws applicable only to municipal school districts as distinguished from legislation applicable to school districts other than municipal, the court sustained the position of the City of Beaumont Independent School District.  It said:

> ". . . We find in the legislative history of the laws relating to municipal school districts and other school districts in the county a manifest intention on the part of the law-making body to provide for two separate classifications of districts, namely, those located within a municipality, over which the city or town has assumed control, and those located without the limits of an incorporated city or town.  From as early as 1875, and without interruption, provision has been made for the control of public free schools within the limits of a municipality either by the city council or by a board of trustees selected in some manner for the purpose of governing the schools within the limits of the city.  The courts have heretofore recognized this classification. . .  The legislative history of the Acts creating the county board of trustee and placing public free schools under its control likewise demonstrates that its jurisdiction was never intended to extend to those schools over which municipalities had assumed exclusive control . . .

"  . . .

"It is the considered opinion of this
Court that Article 2804 has not been ex-
pressly repealed. Nor has it been repeal-
ed by implication. . . It therefore neces-
sarily follows that the annexing of Idyle-
wood Estates Addition and Emma Reed Addi-
tion to the City of Beaumont also annexed
them for school purposes and they became a
part of the Beaumont Independent School
District. . ."

In view of this legislative history concern-
ing legislative enactments applicable to municipal dis-
tricts as distinguished from districts which are not
municipal, we think that Article VIII of Senate Bill
116 is not to be construed as authorizing county school
boards to consolidate "dormant" districts with munici-
pal school districts. We are of the opinion that Art-
icle VIII deals only with county school districts under
the jurisdiction of the county school board, and has no
application to municipal districts under the control of
a particular city or town. Further, where county school
boards, purporting to act under Article VIII of Senate
Bill 116, have by order consolidated "dormant" districts
with municipal school districts as distinguished from
districts which are not city controlled, such orders are
a nullity, illegal and void. As we view it, the 1949
Act, Art. VIII of S.B. 116, was not intended to be a
general rewriting of the school law with reference to
school district boundaries.

The question of the authority of a county
school board to consolidate a "dormant" district with
an adjoining municipal district was not presented or
considered in our opinions Nos. V-855, V-856, V-866,
V-874, V-876, or V-877. Therefore, those opinions are
not to be interpreted as contradictory, or in conflict
with the holding expressed herein.

As to the second question presented, you ad-
vise that the charter of the City of Marshall contains
the following provision prescribed in the special law
granting the city its charter (Section 186 of Chapter 6
of 31st Legislature, R.S., 1909, at page 114):

"All lands and territory included

within the corporate limits of the City of
Marshall shall constitute and be the inde-
pendent school district of said city, the
boundaries of the said school to be iden-
tical with the said limits and boundary of
the city. The authority of the said school
board and their successors in office shall
extend to the limits of said district here-
in declared and fixed."

Article 2803, hereinabove quoted, provides
that any city that has taken charge of the public free
schools within its limits may by ordinance extend its
corporation lines for school purposes only, in accor-
dance with the procedure therein set out.

It will be observed that Article 2803 auth-
orizes a city to "extend its corporate lines" for
school purposes only. In Peteet v. Bridges, 248 S.W.
415, (Tex. Civ. App. 1923), it was held that when the
lines of a city are extended in the manner provided
by law, the territory included in such extension, for
the purpose for which the extension was made, is there-
by included within such corporate limits, and for such
purpose becomes a part thereof. Such city still re-
mains in control of its public school "within its lim-
its," and such added territory is, for school purposes,
within its limits. In Kuhn v. City of Yoakum, 257 S.W.
337 (Tex. Civ. App. 1923) and City of Houston v. Little,
244 S.W. 247 (Tex. Civ. App. 1922, error ref.)cited with
approval in Hayes v. City of Beaumont, 190 S.W.2d 835
(Tex. Civ. App. 1945, error ref. w.o.m.) it is held that
the annexation of new territory to such a city for school
purposes only from outside the corporate limits of the
city, did not change the character of the school dis-
trict.

We do not believe that Section 186 of the
Charter of the City of Marshall prohibits the city from
proceeding under Article 2803 (a general school law ap-
plicable to any city that has taken charge of the pub-
lic free schools within its limits) to extend its boun-
daries for school purposes only, in conformance there-
with. When a city proceeds under Article 2803 and by
ordinance extends its corporate lines for school pur-
poses only, then the territory included in such exten-
sion, for the purpose for which the extension was made,
is thereby included within the corporate limits of the
city, and for such purpose becomes a part of the city.

Poteet v. Bridges, supra. Thus, the corporate limits of the City of Marshall for school purposes would consist of territory of the city within the corporate lines of the city for municipal purposes and in addition that territory included in the corporate lines of the city extended for school purposes only. Section 186 of the Charter of the City of Marshall so construed will not conflict with the general law, Article 2803, authorizing any city to extend its boundaries or limits for school purposes only.

Accordingly, it is our opinion that the City of Marshall is not precluded by Section 186 of its Charter from extending by ordinance its limits or boundaries for school purposes only, in the method prescribed and authorized by Article 2803, Vernon's Civil Statutes.

By virtue of our holdings with respect to the two questions considered herein, it follows that the three dormant districts involved are not consolidated with any district, because the order of the Harrison County School Board ordering consolidation with the Marshall Independent School District is a nullity. The Harrison County School Board has continuing authority under Section VIII of Senate Bill 116, to consolidate such "dormant" districts with an adjoining district or districts, which is not a municipal school district. A. G. Opinion No. V-855. If, however, the County School Board refrains from ordering consolidation of these "dormant" districts so as to allow the City of Marshall the opportunity to extend its boundaries under Article 2803 so as to include within its boundaries for school purposes only the territory comprising these adjoining "dormant" districts, such districts may thereby be made a part of the Marshall Independent School District. As pointed out in Attorney General Opinion No. V-866, Article VIII of Senate Bill 116 does not prescribe the exclusive method for the consolidation or annexation of a "dormant" school district.

## SUMMARY

Article VIII of Senate Bill 116, 51st Legislature, does not authorize a county school board to consolidate a "dormant" school district with a municipally controlled school district. Article 2768, V.C.S.; City of Beaumont I.S.D. v. Broadus, 182 S. W.2d 406; Kuhn v. City of Yoakum, 257 S.W.

337. An order of a county school board purporting so to do is a nullity.

Acting under Article 2803, Vernon's Civil Statutes, any city which has assumed control of the schools within its limits, may by ordinance extend its corporation lines for school purposes only to include existing adjoining "dormant" districts, provided the county school board has not by board order consolidated such "dormant" districts with a district or districts other than municipally controlled districts. A.G. Opinion No. V-866.

Section 186 of the Charter of the City of Marshall does not preclude the city from extending by ordinance its limits or boundaries for school purposes only, in accordance with authority granted by the general school laws. Art. 2803, V.C.S.; Potest v. Bridges, 248 S.W. 415.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Chester T. Ollison

Chester E. Ollison
Assistant

CEO:mw

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL